**Mircea MARINCAS, Appellant,**

v.

**Warren LEWIS, District Director of the United States Immigration and Naturalization Service; U.S. Department of Justice; Immigration and Naturalization Service; Janet Reno, Attorney General; Doris Meissner, Commissioner; John Lima, Director of Esmor Detention Facility; Sea–Land Services, Inc., Appellees.**

No. 95–5424.

United States Court of Appeals, Third Circuit.

Oct. 16, 1996.

Present: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS, McKEE, and McKAY,[1] Circuit Judges.

## SUR PETITION FOR PANEL REHEARING WITH SUGGESTION FOR REHEARING EN BANC

BECKER, Circuit Judge.

The petition for rehearing filed by appellant having been submitted to the judges who participated in the decision of this Court, and to all the other available circuit judges in active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court en banc, the petition for rehearing is DENIED. Judge GREENBERG's dissent from the denial of the petition for rehearing is attached. Judges COWEN and ALITO join in Judge GREENBERG'S dissent.

GREENBERG, Circuit Judge, dissenting from the denial of the petition for rehearing.

I respectfully dissent from the denial of the petition for rehearing. The importance of this case hardly can be overstated, for the appellees point out that the panel's opinion calls "into question the *entire* asylum procedure currently used by the INS Office of Refugees, Asylum, and Parole to adjudicate over 4000 asylum applications per month." Petition for rehearing at 2. (Emphasis in original.) The case is particularly significant in view of the entirely justified national concern regarding the inability of this country to control the immigration process.

On the merits, I find the panel's opinion to be questionable. While the Refugee Act of 1980 mandated that the Attorney General "establish a procedure for an alien physically present in the United States or at a land border or port of entry, irrespective of such alien's status, to apply for asylum" in the United States, 8 U.S.C. § 1158(a), a requirement that a procedure be established for an alien to apply for asylum is simply not a requirement that a uniform procedure be established for all aliens to apply for asylum regardless of their differing circumstances. In this regard, the appellees correctly point out that the statutes and case law demonstrate that aliens in different circumstances can be treated in procedurally different ways. *See, e.g., Yang v. Maugans,* 68 F.3d 1540, 1547 (3d Cir.1995); Anti–Terrorism and Effective Death Penalty Act of 1996, § 422, Pub.L. No. 104–132, 110 Stat. 1214, 1270 (1996).

1. As to panel rehearing only.

If the Attorney General establishes differing procedures for different classes of aliens applying for asylum, then she literally has complied with section 1158(a), for she has established a procedure for any physically present alien to apply for asylum. I also point out that inasmuch as section 1158(a) refers to "alien" in the singular, naturally the section refers to "procedure" in the singular. Congress hardly would have written that the Attorney General should establish "procedures for an alien" to apply for asylum. A single "procedure" for "an alien" would be quite adequate. Of course, the panel's opinion would be on firmer ground if Congress had provided for the Attorney General to "establish a procedure for aliens ... to apply for asylum," meaning aliens in a plural rather than singular sense, but Congress did not do that. Unfortunately, however, the panel effectively has rewritten 8 U.S.C. § 1158(a) to comply with the language that Congress did not adopt. In my view, it should not have done so.

I also point out that the sentence structure of 8 U.S.C. § 1158(a) is not consistent with the panel's decision. The clause "irrespective of such alien's status" follows the words "alien physically present in the United States or at a land border or port of entry" and thus should be understood as relating to that clause. Accordingly, Congress directed that a procedure be established so that any alien, without regard for his or her status, could apply for asylum. On the other hand, the words "irrespective of such alien's status" do not follow "establish a procedure." Thus, while an alien, irrespective of his or her status, must be provided with a procedure to apply for asylum, the procedure established need not be irrespective of the alien's status. In other words, the statute reflects Congress's intent that any alien could apply for asylum. But Congress simply did not say that the Attorney General had to establish a uniform procedure for every case in which an alien applied for asylum irrespective of the alien's status.

Finally, I find the panel's decision to be completely inconsistent with the deference owed to the administrative interpretation of a statute under *Chevron, U.S.A., Inc. v. Natu-*ral Resources Defense Council, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984). Even if we assume that it reasonably could be argued that section 1158(a) is ambiguous and might be understood to require a uniform procedure for all asylum cases, an assumption I reject, in my view it is unreasonable to argue that the section clearly and unambiguously is inconsistent with the Attorney General's procedures for asylum which differ according to the alien's circumstances. I respectfully suggest that the panel has misread section 1158(a) and that the national interest should lead this court to grant rehearing in banc in this case.

Judges COWEN and ALITO join in this dissent.